EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Hon. Manuel Acevedo Hernández | 2014 TSPR 116 <br><br> 191 DPR ____ |

Número del Caso: AD-2014-2

Fecha: 6 de octubre de 2014

Abogados del Querellado:

      Lcdo. Joseph c. Law del Valle
      Lcda. Melanie M. Matos Cardona

Oficina de Administración de los Tribunales
Oficina de Asuntos Legales

      Lcda. Cristina Guerra Cáceres
      Lcdo. Eric J. Salas López
      Lcda. Rosa M. Cruz Niemiec

Materia: Resolución del Tribunal con Votos Particulares de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Manuel Acevedo Hernández          AD-2014-2

RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de octubre de 2014.

El pasado 14 de abril de 2014 los medios de comunicación del País difundieron la noticia sobre el diligenciamiento por las autoridades federales de una orden de allanamiento en la residencia del Juez Manuel Acevedo Hernández. Esos eventos afectaron directa y adversamente la confianza del Pueblo depositada en los jueces y juezas de nuestra Judicatura. Por ello, ese mismo día la Jueza Presidenta señora Fiol Matta, ordenó el inicio de una investigación al amparo de las normas dispuestas en las Reglas de Disciplina Judicial. 4 LPRA Ap. XV-B, R. 5(c). Además, ante aquella situación extraordinaria ordenó la suspensión provisional e inmediata con paga de las funciones judiciales y administrativas que desempeñaba el Juez Acevedo Hernández mientras se realizaba la investigación según la Ley de la Judicatura. 4 LPRA sec. 25(o).

El viernes 26 de septiembre de 2014, la Comisión de Disciplina Judicial del Tribunal Supremo de Puerto Rico notificó su determinación de causa probable para autorizar la radicación de una querella contra el Juez Acevedo Hernández por la posible violación de múltiples Cánones de Ética Judicial, 4 LPRA Ap. IV-B, así como la posible violación del Código de Ética Profesional, 4 LPRA Ap. IX, por hechos relacionados

a la acusación del Gran Jurado federal por los delitos de conspiración y soborno. Además, la Comisión recomendó la suspensión inmediata de salario al Juez Acevedo Hernández hasta la disposición final de la querella.

La determinación del Gran Jurado federal y las violaciones éticas imputadas en este caso constituyen hechos extraordinarios que chocan con la política pública de la Rama Judicial de Puerto Rico de rechazar y evitar cualquier conducta que pueda menoscabar la confianza del Pueblo puertorriqueño en su sistema de justicia. De probarse dichas violaciones equivaldría a una de las traiciones más graves a la independencia Judicial, principio rector de la función adjudicativa. Por esas razones de peso, luego de evaluar la determinación y recomendación de la Comisión, así como la Sección 25(j) de la Ley de la Judicatura, 4 LPRA sec. 25(j), y la Regla 34 de Disciplina Judicial, 4 LPRA Ap. XV-B, R. 34, se ordena la suspensión inmediata del salario del Juez Acevedo Hernández hasta que concluya el procedimiento disciplinario.

Finalmente, debemos aclarar que esta acción no debe tomarse como una adjudicación en los méritos de los hechos en controversia ni de cualquier otro asunto pendiente ante la consideración de la Oficina de Administración de Tribunales sobre el Juez Manuel Acevedo Hernández.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta emitió un voto particular de conformidad al que se unió el Juez Asociado señor Estrella Martínez. El Juez Asociado señor Kolthoff Caraballo emitió un voto particular de conformidad. El Juez Asociado señor Rivera García emitió un voto particular de conformidad al que se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Estrella Martínez.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Manuel Acevedo Hernández          AD-2014-2

Voto Particular de Conformidad emitido por la Jueza Presidenta SEÑORA FIOL MATTA al que se unió el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

En San Juan, Puerto Rico, a 6 de octubre de 2014.

La Rama Judicial de Puerto Rico tiene una política pública firme de rechazar y evitar cualquier conducta que pueda menoscabar la confianza del Pueblo puertorriqueño en su sistema de justicia. La controversia que creó la intervención de las autoridades federales con el Juez Manuel Acevedo Hernández perturbó profundamente esa confianza, que es el elemento fundamental de la Independencia Judicial. Por eso, el 14 de abril de 2014 ordené el inicio de una investigación sobre los hechos que dieron base a la intervención federal. Como medida provisional suspendí inmediatamente al Juez Manuel Acevedo Hernández de las funciones judiciales y

administrativas que desempeñaba, con paga, según dispone el Artículo 6.007 de la Ley de la Judicatura, 4 LPRA sec. 25 (o).

Como resultado de esa investigación, la Comisión de Disciplina Judicial determinó que existe causa para la radicación de una querella contra el Juez Manuel Acevedo Hernández por la posible violación de los Cánones de Ética Judicial y de Ética Profesional. Al informarme su determinación, la Comisión de Disciplina Judicial me recomendó que suspendiera el pago del salario del Juez Manuel Acevedo Hernández. Esto, como medida provisional adicional a la orden de suspensión inmediata de funciones judiciales y administrativas. Por tratarse de una medida extraordinaria, informé de ello al Pleno del Tribunal y le recomendé que tomáramos la acción afirmativa de suspender de salario al Juez Manuel Acevedo Hernández como medida provisional adicional.

La determinación que hoy toma este Tribunal le demuestra al Pueblo que el sistema de justicia es digno de su fe y que la Rama Judicial no permitirá conducta que deshonre el estrado.

Liana Fiol Matta
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

   Hon. Manuel Acevedo Hernández     AD-2014-2


Voto Particular de Conformidad emitido por el Juez Asociado señor Kolthoff Caraballo


San Juan, Puerto Rico, a 6 de octubre de 2014.

Doy mi conformidad a la determinación que hoy toma este Tribunal, con la satisfacción que me produce ver que ante situaciones extraordinarias estamos tomando medidas de ese mismo calibre. La suspensión inmediata del salario del Juez Acevedo Hernández hasta que concluya el procedimiento disciplinario en su contra, es una medida clave para llevar el mensaje claro a nuestro Pueblo de que no toleraremos situaciones que constituyan una amenaza al prestigio de nuestra Rama Judicial.

Solo así comenzaremos a recobrar y cimentar, bajo nuevas bases, esa indispensable confianza del Pueblo que es clave para la legitimación de nuestros procesos judiciales, y que lamentablemente tanto ha languidecido.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Manuel Acevedo Hernández

AD-2014-0002

Voto Particular de Conformidad emitido por el Juez Asociado señor RIVERA GARCÍA al cual se unen la Jueza Asociada señora PABÓN CHARNECO y el Juez Asociado señor ESTRELLA MARTÍNEZ

En San Juan, Puerto Rico, 6 de octubre de 2014.

Ante una situación tan extraordinaria en la que un miembro de la judicatura puertorriqueña es acusado criminalmente por actuaciones relacionadas a sus funciones judiciales, no hay duda de que debemos ser firmes en el ejercicio de nuestro poder disciplinario. En ese contexto, estoy anuente con la determinación que hoy alcanzamos como cuerpo colegiado dirigida a adoptar la medida cautelar de suspender inmediatamente el salario que recibe el Juez Manuel Acevedo Hernández hasta tanto concluya el procedimiento disciplinario en su contra. Ello conforme a las disposiciones del

Art. 6.002 de la Ley de la Judicatura y la Regla 34 de las Reglas de Disciplina Judicial.[1]

Avalo este proceder motivado, principalmente, por dos circunstancias muy particulares relacionadas al presente caso. *Primero*, por la existencia de un pliego acusatorio emitido por un Gran Jurado federal en contra del Juez Acevedo Hernández por delitos de conspiración y soborno. *Segundo*, por la determinación de la Comisión de Disciplina Judicial del Tribunal Supremo de hallar causa probable para autorizar la presentación de una querella por posibles violaciones a los Cánones de Ética Judicial y al Código de Ética Profesional.[2]

Ciertamente, el Juez Acevedo Hernández, al igual que todo ciudadano que enfrente un procedimiento que podría conllevar un menoscabo de su derecho propietario, es acreedor de todas las garantías propias del debido proceso de ley. Por lo tanto, esta determinación, bajo ninguna circunstancia, representa una adjudicación en los méritos en lo que al proceso disciplinario respecta. Sin embargo, esta Curia no puede permanecer ajena al desarrollo de los hechos que hasta el momento envuelven al referido magistrado y a los efectos patentes e inmediatos que los mismos tienen sobre nuestra Rama Judicial.

Si bien las imputaciones que enfrenta el Juez Acevedo Hernández no representan una conducta típica entre nuestros jueces y juezas, ello no debe ser óbice para tomar el presente

---

[1] Art. 6.002 de la Ley Núm. 201-2003 (4 LPRA sec. 25(j)). Este artículo establece que "[p]revio los trámites procesales correspondientes, el Tribunal Supremo podrá imponer a los jueces una o varias de las siguientes medidas disciplinarias", entre las cuales se incluye la suspensión de empleo y sueldo. Íd. Por su parte, la Regla 34 de Disciplina Judicial dispone que en aquellos asuntos no previstos por tales reglas, "el Tribunal determinará su trámite en la forma que garantice el cumplimiento de los propósitos que inspiran estos procedimientos y los derechos de la jueza o del juez, de la parte promovente y la sana administración de la Justicia". 4 LPRA Ap. XV-B.

[2] 4 LPRA Ap. IV-B y 4 LPRA Ap. IX, respectivamente.

caso como una voz de alerta para todos, particularmente para la Oficina de la Administración de los Tribunales. Lo que pudo ser el resultado de una liviana y laxa fiscalización, hoy debe tomarse como punto de partida para la implementación de investigaciones más rigurosas y cabales en la evaluación de quejas concernientes a la conducta de jueces y juezas. Ello paralelo a una mayor proactividad en la supervisión y adopción de medidas preventivas que propicien la más pronta detección de conductas antiéticas. Con ello en mente, honestamente confío que las medidas promulgadas recientemente eviten situaciones adicionales que amancillen el respeto y la confianza en nuestras instituciones judiciales.

Finalmente, debo reiterar que brindo mi anuencia para proceder conforme a lo establecido en la Resolución que antecede como una medida cautelar **excepcional** que amerita ser tomada dado las circunstancias muy particulares del presente caso y ante la existencia de un interés superior y preeminente como lo es la confianza de la ciudadanía en su sistema de justicia.


                            Edgardo Rivera García
                               Juez Asociado